UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| US FOODS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: |
| | ) |
| HINES WARD'S TABLE 86, LLC, | ) |
| | ) **COMPLAINT** |
| | ) |
| Defendant. | ) |

Plaintiff US Foods, Inc. ("US Foods" or "Plaintiff"), by and through its attorney, Kristen L. Moritz, Esquire, and Gesk Moritz, LLC, and for its Complaint ("Complaint") against Defendant Hines Ward's Table 86, LLC ("Hines" or "Defendant"), hereby alleges as follows:

## THE PARTIES

1. Plaintiff US Foods is a Delaware corporation with its principal place of business at 9399 West Higgins Road, Suite 600, Rosemont, Illinois 60018. US Foods is registered as a foreign corporation licensed to do business in the State of Pennsylvania. US Foods is one of America's leading foodservice distributors to restaurants, healthcare and hospitality facilities, government operations and educational institutions across the country, including in the State of Pennsylvania.

2. Defendant is registered as a limited liability company with citizenship in the State of Pennsylvania with its principal place of business located at 530 Northpointe Circle, Seven Fields, Pennsylvania 16046.

3. Upon information and belief, Defendant has three (3) members: David Hood ("Hood"), James P. Lowry ("Lowry"), and Dan Schonbeck ("Schonbeck").

4. Upon information and belief, Hood is domiciled at 8422 Viola Way, Macedonia, Ohio 44056.

1

5. Upon information and belief, Lowry is domiciled at 1180 Cambier Drive, Crescent, Pennsylvania 15046.

6. Upon information and belief, Schonbeck is domiciled at 1 Monmouth Drive, Cranberry Township, Pennsylvania 16066.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is diversity among the parties because Plaintiff is a citizen of Illinois and Defendant is a citizen of Pennsylvania and Ohio.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because (i) Defendant resides within this judicial district, and (ii) a substantial part of the transaction giving rise to Plaintiff's claims occurred in this division of this judicial district.

## GENERAL ALLEGATIONS

9. From as early as April 2015, US Foods supplied various food and food-related products and services to Defendant.

10. In connection with these transactions, Defendant executed a Customer Account Application (the "Agreement") dated as of April 27, 2015. A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

11. Defendant agreed to be bound by the terms of the Agreement, invoices and other documents furnished by US Foods, and to pay all charges set forth on each invoice pursuant to the credit terms on the invoices. (Exhibit A).

12. Defendant also agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Agreement. (Exhibit A, p. 3, ¶ 4.)

13. Further, Defendant agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (Exhibit A, p. 3, ¶ 4.)

14. Defendant ordered, received, and accepted delivery of goods and services from US Foods as reflected on invoices sent by US Foods to Defendant.

15. Pursuant to the payment terms contained in the Agreement and the invoices, Defendant was obligated to make payments to US Foods in the full invoice amount for goods and services received.

16. US Foods performed all of its obligations by supplying Defendant with the purchased goods and services and submitting invoices.

17. As of the date of this Complaint, US Foods is owed a total of $108,948.36 on past due invoices accrued pursuant to the Agreement, exclusive of interest, costs and fees (the "Unpaid Invoices"). A summary of Unpaid Invoices for Defendant is attached hereto and incorporated herein as **Exhibit B**.

18. As of the date of the filing of this Complaint, US Foods has not received payment in full for the amounts owed under the Agreement and Unpaid Invoices.

## COUNT I
## BREACH OF CONTRACT

19. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

20. Defendant agreed to abide by the terms of the Agreement under which US Foods supplied goods and services to Defendant.

21. US Foods fully performed its obligations, including supplying all required goods and services. Defendant accepted all goods and services supplied by US Foods.

22.     US Foods submitted invoices for the goods and services supplied under its Agreement with Defendant.

23.     Defendant failed to comply with the terms of the Agreement.

24.     Defendant failed to pay US Foods the outstanding balance owed. Defendant's failure to pay US Foods constitutes a material breach of the Agreement.

25.     As a direct and proximate result of the breach, US Foods has suffered damages. The total amount currently due and owing from Defendant is $108,948.36, exclusive of interest, costs and fees.

26.     US Foods has been required to retain legal counsel for the prosecution of this action and its efforts to recover the amounts due and owing to US Foods, for which is it entitled to recover its attorneys' fees and litigation expenses under the Agreement. (Exhibit A, p. 3, ¶ 4.)

## COUNT II
## ACCOUNT STATED
### (In the alternative to Count I)

27.     US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

28.     Before the institution of this action, US Foods and Defendant had an ongoing business relationship in which Defendant ordered goods and services from US Foods, for a period of time.

29.     US Foods supplied goods and services to Defendant as evidenced by the invoices US Foods submitted to Defendant for the goods and services supplied.

30.     The invoices were delivered to Defendant in accordance with US Foods' normal accounting procedures.

31. The parties agreed on the balances of the amounts due and owing for said goods and services. US Foods rendered invoices to Defendant for the delivery of said goods and services to which Defendant did not object.

32. Defendant owes US Foods $108,948.36, plus interest, costs and fees as of May 7, 2019, according to the account statement. (Exhibit B).

## COUNT III
## GOODS DELIVERED
### (In the alternative to Counts I and II)

33. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

34. At Defendant's request, US Foods supplied goods and services to Defendant for various food and food related items pursuant to the Agreement.

35. Defendant accepted delivery of the goods from US Foods, without objection, and owes US Foods for the unpaid balance of said deliveries.

36. The goods delivered include food products which were sold at various prices, all of which are evidenced on invoices provided to Defendant by US Foods. (Exhibit B).

37. Plaintiff performed all of the conditions of the Agreement.

38. Defendant failed and refused to pay Plaintiff for the food and food related items.

39. Defendant owes US Foods $108,948.36, plus interest, costs and fees as of May 7, 2019, according to the account. (Exhibit B).

## COUNT IV
## UNJUST ENRICHMENT
### (In the alternative to Counts I, II, and III)

40. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

41. US Foods supplied goods and services to Defendant as evidenced by the invoices US Foods submitted to Defendant for the goods and services supplied.  (Exhibit B).

42. Defendant accepted delivery of the goods and services from US Foods.

43. Defendant unjustifiably failed to pay US Foods the outstanding balance owed.

44. Upon information and belief, Defendant used, sold, or otherwise benefitted from the goods without paying US Foods.

45. The total amount currently due and owing from Defendant is $108,948.36, exclusive of interest, costs and fees.  (Exhibit B).

**WHEREFORE**, pursuant to the foregoing, US Foods requests: (i) that judgment be entered in its favor and against Defendant on Count I of the Complaint in such amount to be determined at trial, but no less than $108,948.36, plus interest, costs and fees; (ii) or, in the alternative, that judgment be entered in its favor and against Defendant on Count II of the Complaint in such amount to be determined at trial, but no less than $108,948.36, plus interest, costs and fees; (iii) or, in the alternative, that judgment be entered in its favor and against Defendant on Count III of the Complaint in such amount to be determined at trial, but no less than $108,948.36, plus interest, costs and fees; (iv) or, in the alternative, that judgment be entered in its favor and against Defendant on Count IV of the Complaint in such amount to be determined at trial, but no less than $108,948.36, plus interest, costs and fees; and (v) that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

Dated:  June 18, 2019

By: */s/ Kristen L. Moritz, Esquire*
Kristen L. Moritz, Esquire (PA ID 205800)
GESK MORITZ, LLC
14 East Main Street
Carnegie, PA 15106
Phone: (412) 429-9100
Email: kmoritz@gesklaw.com
**ATTORNEY FOR PLAINTIFF**