**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| US FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 2:19-CV-00723-JFC |
| | ) | |
| HINES WARD'S TABLE 86, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF US FOODS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

Now comes Plaintiff US Foods, Inc. ("Plaintiff"), and for its response to this Court's Order to Show Cause, states as follows:

**INTRODUCTION**

On December 12, 2019, this Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. (ECF No. 8). Defendant Hines Ward's Table 86, LLC ("Defendant") is a limited liability company. As set forth below in more detail, service of the Amended Complaint on one of Defendant's members took fifteen attempts over the span of approximately ten weeks. Service of the Amended Complaint was completed on November 13, 2019. Defendant's time to file a responsive pleading to the Amended Complaint recently expired on December 4, 2019. On December 16, 2019, Plaintiff filed its Motion for Entry of Default against Defendant (ECF No. 8) and intends to move for default judgment against Defendant. As a result, Plaintiff respectfully asks this Court to refrain from dismissing the litigation.

**CASE HISTORY**

On June 19, 2019, Plaintiff filed its Complaint against Defendant. (ECF No. 1). Prior to filing the Complaint, Plaintiff researched the members of the Defendant's limited liability

601438649.1

company. Several months after the Complaint was filed, Plaintiff learned that it had identified the Defendant's general managers in its Complaint rather than the members of Defendant's limited liability company. As a result, on September 5, 2019, Plaintiff filed an Amended Complaint identifying Howard Schiller and Daniel Lindner as the two members of Defendant's limited liability company. (ECF No. 5, Pages 1-2, ¶¶ 3-5).

On September 14, 2019, the Amended Complaint was served on Daniel Lindner. (ECF No. 6). On the other hand, service of the Amended Complaint on Howard Schiller was a challenge. It appears that Mr. Schiller was evading service of the Amended Complaint.

On September 9, 2019, Plaintiff retained a service processor to serve the Amended Complaint upon Howard Schiller at 347 New River Drive E, #1802, Fort Lauderdale, Florida 33301 ("First Address"). Service was attempted at the First Address on September 17, 2019 and again on September 21, 2019. (*See* Declaration of Non-Service attached hereto as Exhibit 1). On September 21, 2019, the service processor was informed that Mr. Schiller no longer resided at the First Address.

Following receipt of this information, an investigation was performed and completed on September 24, 2019. The investigation revealed a servable address for Mr. Schiller at 347 N New River Dr. E, Apt 1604, Fort Lauderdale, Florida 33301-3175 ("Second Address"). Service was attempted at the Second Address on September 30, 2019 and again on October 3, 2019. (*See* Declaration of Non-Service attached hereto as Exhibit 2). On October 3, 2019, the service processor was informed that Mr. Schiller no longer resided at the Second Address and had moved completely from the property in September 2019.

After receipt of this information, another investigation was performed and completed on October 7, 2019. The investigation revealed a servable address for Mr. Schiller at 401 SW 4th

601438649.1

Ave., Apt 1101, Fort Lauderdale, Florida 33301-3175 ("Third Address"). Service was attempted at the Third Address on October 14, 2019. (*See* Declaration of Non-Service attached hereto as Exhibit 3). On October 14, 2019, the service processor was informed that Mr. Schiller no longer resided at the Third Address.

Upon receipt of this information, another investigation was performed and completed on October 21, 2019. The investigation revealed a servable address for Mr. Schiller at 347 N New River Dr. E, Apt 1509, Fort Lauderdale, Florida 33301-3175 ("Fourth Address"). Service was attempted at the Fourth Address on October 25, 2019, October 28, 2019, October 29, 2019, October 30, 2019, November 1, 2019, November 4, 2019, November 6, 2019, November 11, 2019, and November 12, 2019. (*See* Chronology of Service Attempts attached hereto as Exhibit 4). On November 13, 2019, personal service of the Amended Complaint on Mr. Schiller was finally effectuated at the Fourth Address. (*See* ECF No. 6). In total, service of the Amended Complaint on Mr. Schiller required fifteen attempts at four different addresses over a span of ten weeks.

Based on the service date of the Amended Complaint on Howard Schiller on November 13, 2019, the time for Defendant to respond to the Amended Complaint expired on December 4, 2019. On December 16, 2019, Plaintiff filed its Motion for Entry of Default. (ECF No. 9). Upon entry of default against Defendant, Plaintiff intends to move for a default judgment against Defendant.

601438649.1

## CONCLUSION

In light of the delay and difficulty that Plaintiff had in serving the Amended Complaint on Howard Schiller, Plaintiff respectfully asks this Court to refrain from dismissing the litigation in order to permit Plaintiff to move for default judgment against Defendant.

Respectfully submitted,

Plaintiff US Foods, Inc.

By its counsel,

Dated: December 19, 2019

/s/ Kristen L. Moritz
Kristen L. Moritz, Esq.
GESK MORITZ, LLC
14 East Main Street
Carnegie, Pennsylvania 15106
Phone: (412) 429-9100

601438649.1